UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAVIGATORS MANAGEMENT COMPANY,
INC., in its individual capacity and on behalf of
Navigators Insurance Company,                                   Civil Action No. 23-CV-3994

                          Plaintiff,

   - against –                                                 **COMPLAINT**

EVERGREEN MARINE (ASIA) PTE. LTD. d/b/a
EVERGREEN LINE, and EVERGREEN LINE
JOINT SERVICE AGREEMENT, F.M.C. NO.
011982, consisting of EVERGREEN MARINE CORP.
(TAIWAN) LTD., ITALIA MARITTIMA S.P.A.,
EVERGREEN MARINE (UK) LTD., EVERGREEN
MARINE (SINGAPORE) PTE. LTD., EVERGREEN
MARINE (HONG KONG) LTD., and EVERGREEN
MARINE (ASIA) PTE. LTD.,

                           Defendants.
-------------------------------------------------------------X

      Plaintiff, NAVIGATORS MANAGEMENT COMPANY, INC., in its individual capacity and on behalf of Navigators Insurance Company, by and through its undersigned counsel, as and for its Complaint against the Defendants, alleges upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The action concerns a contract for the carriage of goods by sea to a port in the United States in foreign trade governed by the Carriage of Goods by Sea Act, ("COGSA"), 46 U.S.C. 30701 *et seq.* (note), breach of a maritime contract, and damage and loss to goods while being transported by sea from a foreign port to a port in the United States. Subject

matter jurisdiction is predicated upon 28 U.S.C. §1333 and venue is proper in this District pursuant to the forum selection provisions contained in the Evergreen Line bill of lading, which provides for this District to serve as the exclusive jurisdiction for disputes involving cargo shipments that transit to and/or from the United States.

## PARTIES

2. At all material times, NAVIGATORS MANAGEMENT COMPANY, INC. (a/k/a Navigators Management, Inc.), was and is a corporation duly organized and existing under and by virtue of the laws of the state of New York, with an office and place of business located at 1 Penn Plaza, 32nd Floor, New York, New York 10119.

3. At all material times, Plaintiff Navigators Management Company, Inc., ("Navigators Management"), was and is the managing general agent for Navigators Insurance Company, ("Navigators Insurance"), an insurance company.

4. Plaintiff, and/or Navigators Insurance, insured the shipment of cargo that is the subject matter of this action.

5. Plaintiff and/or Navigators Insurance is subrogated to the rights of its insured, Abbey Specialty Foods, Ltd., the owner of the cargo at issue herein, and consignee and "Merchant" for purposes of the Evergreen bill of lading, sea waybill, having paid the claim for damage/loss of the cargo at issue under a policy of insurance, and Plaintiff in its individual capacity and on behalf of Navigators Insurance, is entitled to bring this action.

6. At all material times, Evergreen Marine (Asia) Pte. Ltd., d/b/a Evergreen Line, was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 200 Cantoment Road, #12-01 Southpoint, Singapore 089763.

7. At all material times, Defendant, Evergreen Line Joint Service Agreement, F.M.C. No. 011982, was and is a business entity duly organized and existing under and by virtue of the laws of an unknown state with an office and place of business at No. 163 SEC.1, Hsin-Nan Road Luchu District, Taoyuan City Hsien, 22858, Taiwan.

8. At all material times Evergreen Marine Corp. (Taiwan) Ltd., was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 166, SEC.2, Minsheng E. Road, Taipei City, 10423 Taiwan.

9. At all material times, Defendant, Italia Maritima S.P.A., was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Passeggio S. Andreas, 4-34123 Trieste, Italy.

10. At all material times Evergreen Marine (UK) Ltd, was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Evergreen House, 160 Euston Road, London, England NW1 2DX UK.

11. At all material times Evergreen Marine (Singapore) Pte. Ltd, was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 200 Cantoment Road, #12-01 Southpoint, Singapore 089763.

12. At all material times Evergreen Marine (Hong Kong) Ltd, was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 22-23 Floor, Harcourt House, 39 Gloucester Road, Wan Chai, Hong Kong.

13. At all material times, Defendants were and are engaged in the business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

14. At all material times, Defendants held themselves out to be and acted as a common carrier and/or non-vessel operating common carrier engaged in the carriage of goods to or from the United States and/or as an ocean transportation intermediary.

15. Plaintiff brings this action on its own behalf and on behalf of Navigators Insurance and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the shipment and cargo at issue herein, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

16. On or about April 23, 2022, a consignment of 3606 cartons consisting of 3456 cartons of goat cheese and 90 cartons of smoked cheese, then being in good order and condition, was received and accepted by Defendants and/or its agents in Rotterdam, Netherlands, and loaded aboard the OOCL Atlanta 142 W, and in consideration of an agreed upon freight, Defendants agreed to transport, carry and deliver said shipment to the port of discharge and/or place of delivery in New York, NY, and deliver said shipment and cargo in like good order and condition as when received and accepted, to the consignee, Abbey Specialty Foods, LLC.

17. The shipment and cargo at issue herein was in good order and condition when received and accepted by the Defendants.

18. Defendants and/or their agent, issued a bill of lading or sea waybill for the aforesaid shipment, # 520200036286, dated at Rotterdam, April 23, 2022.

19. The shipment and cargo were not delivered at destination in the United Sates in like good order and condition as when received and accepted by the Defendants and/or their agents, rather, the shipment and cargo sustained damage and loss as a result of freezing.

20. The damage to the subject shipment and cargo was not the result of any act or omission of the plaintiff or its assured, Abbey Specialty Foods, LLC, but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendants and/or its agents.

21. As a result of the foregoing, Abbey Specialty Foods, LLC, suffered damages in the amount of $174,988.19.

22. Abbey Specialty Foods, LLC submitted a claim to Plaintiff and/or Navigators Insurance for the loss and damage to the shipment and cargo at issue.

23. Plaintiff and/or Navigators Insurance paid the claim submitted to them for loss and damage to the shipment and cargo at issue and by virtue of said payment, Plaintiff and/or Navigators insurance are equitably and/or contractually subrogated to the rights and claims of Abbey Specialty Foods, LLC, the owner of the shipment and cargo at issue, and consignee and Merchant for purposes of the Evergreen Lines bill of lading and/or sea waybill.

24. By reason of the foregoing, Plaintiff in its individual capacity and on behalf of Navigators Insurance, has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $174,988.19.

25. Any and all conditions precedent to suit, if any, have been performed, waived or otherwise excused.

## AS AND FOR A FIRST CAUSE OF ACTION
### (CARRIAGE OF GOODS BY SEA ACT)

26. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 25, inclusive, as if herein set forth at length.

27. Pursuant to the contract of carriage entered into by and between the parties, the Defendants owed contractual and statutory duties to the aforementioned cargo owners to carry,

5

bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods, pursuant to the Carriage of Goods by Sea Act, 46 United States Code 30701, et al. ("COGSA")

28. The Defendants breached their contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

29. As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $174,988.19.

30. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $174,988.19, and for which Defendants and each of them are liable to Plaintiff pursuant to COGSA.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(BAILMENT)**

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as if herein set forth at length.

32. At the time of the aforementioned incident, Defendants, together with the entities it hired to act on their behalf, was acting as bailee of the aforementioned cargo and in their own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

6

33. Defendants breached their duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

34. As a direct and proximate result of said breach of bailment by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $174,988.19.

35. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $174,988.19, and for which Defendants and each of them are liable as a result of their breach of bailment.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NEGLIGENCE)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as if herein set forth at length.

37. The Defendants owed a duty to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

38. The Defendants breached and was negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

39. As a direct and proximate result of the negligent acts committed by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $174,988.19.

40. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently

estimated to be no less than $174,988.19, and for which Defendants and each of them are liable as a result of their negligence.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid.

2. That judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of Plaintiff's damages in the total amount of at least $174,988.19, plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 12, 2023

>                       PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
>                       *Attorneys for Plaintiff*
>
>                       By:  /s/Raymond A. Selvaggio
>                            Raymond A. Selvaggio (RS-6015)
>
>                       120 Main Street
>                       Huntington, New York 11743
>                       Tel:  (631) 427-0100
>                       Eml: rselvaggio@transportlaw.com